WOODWARD, Presiding Judge,
delivered the opinion of the Court.
“We are unanimously of opinion the judgment ought to be reversed for the fifth error assigned. No Justice of the peace has jurisdiction to try a case himself, where the demand exceeds twenty dollars, unless by the consent of both parties, or one of them elects to be tried by a jury. Without such consent, or such jury, it was incompetent for the justice to render judgment in this case. The statute is positive.”
Judgment reversed.
September Term 1820.
During the first part of this Term Judge Griffin was absent from the Territory. The case of the United States vs. Delavan was adjourned for trial to the day of , on which day Judge Witherell
took his seat, but Judge Woodward did not appear in Court. Judge Wither-ell then stated his opinion, that it was not competent for one judge to hold a Court while either of the other judges were within the Territory, unless they were necessarily absent by reason of sickness, or interest in some action then before the court.* He said he should therefore adjourn the court to some day when it might be expected that another judge would attend. But the Attorney General and the counsel for Delavan agreed to wave the error of the presence of only one judge, and they proceeded to the trial of the case and judgment was rendered therein.
On the day of October Judge Griffin returned and on an application from a prisoner for a writ of Habeas Corpus, the writ was issued and a special session of the Supreme Court ordered to be held on the
*400 day of October; on which day Judges Woodward and Griffin appeared, but Witherell did not attend. When that matter was determined, the court expressed a willingness and desire to proceed with the general business of the term. Some of the Attornies brought forward their business, but others would not. They continued to sit until the 21st of October when nothing farther appearing (although there were many cases which ought regularly to have been determined at this Term, but which the Attornies would not move in, because, they said, this was not the Term of the Supreme Court, which had been adjourned to Decr, and that it was irregular to take them up now,) the court then adjourned to the second thursday in August next. After the trial of Delavan's case Judge Witherell had adjourned the Supreme Court to the first Monday in Decr next, which adjournment was rescinded by the special court on the first day of its session, “in order” as they said, “to let in the business of the Term.”—

See the Act of Congress of 8 May 1792, entld “An act respecting the Govt, of the Terr8 of the U.S. N.W.& S. of the river Ohio.”
*400 Qu. If it was incompetent
for one judge to hold a court under these circumstances, was it competent for one to adjourn it? See Laws of Michigan Wood-wards Code, Sect. 17.